Lora L. Fong, Esq. (LF 4422)
Kenneth L. Moskowitz, Esq. (KM 0990)
BROWN MOSKOWITZ & KALLEN, P.C.
180 River Road
Summit, New Jersey 07901
(973) 376-0909
Attorneys for Plaintiff Avenue Residential, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVENUE RESIDENTIAL, LLC<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AVENUE REALTY GROUP, LLC,<br><br>　　　　Defendant. | Case No.: _____<br><br>(Electronically Filed Document) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff AVENUE Residential, LLC by its attorneys, Brown Moskowitz & Kallen, P.C., complains and alleges against Defendant Avenue Realty Group, LLC as follows:

### INTRODUCTION

This is an action for unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and in violation of the laws of the State of New Jersey, N.J. Stat. Ann. 56:4-1 *et seq.* and under the common law, and for infringement of trademark rights under common law in violation of N.J. Stat. Ann. 56:3-13.16 *et seq.*

### THE PARTIES

1. Plaintiff AVENUE Residential, LLC ("AVENUE Residential"), is a limited liability company duly organized and established under the laws of the State of New Jersey, with a principal place of business at 1422 Grand Street, 3A, Hoboken, New Jersey.

2. Defendant Avenue Realty Group LLC ("Avenue Realty"), upon information and belief, is a limited liability company duly organized and established under the laws of the State of New Jersey, with a principal place of business at 102 York Street Jersey City, New Jersey 07302.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 in that this is a civil action arising under the laws of the United States, namely Section 43(a) of the Lanham Act, 15 U.S.C. §1125 (a); has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1338 (a) and (b) for claims arising under Section 43(a) of the Lanham Act 15 U.S.C. §1125; and has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) for the claims arising out of the violation of N.J. Stat. Ann. 56:4-1 *et seq.* and 56:3-13.16 *et seq.* and all other claims arising under the common law of the State of New Jersey.

4. This Court has personal jurisdiction over Defendant Avenue Realty because it is a business entity formed, located and doing business in the State of New Jersey.

5. Venue in this Court is proper under 28 U.S.C. §1391 in that the defendant has engaged in the transaction of business and the commission of trademark infringement, false and misleading designation of origin, and unfair competition, and the injury therefrom has occurred and is threatened to occur in this judicial District.

## BACKGROUND

6. Plaintiff AVENUE Residential is a real estate brokerage specializing in the luxury residential real estate market in New Jersey.

2

7. While Plaintiff's business extends beyond the borders of the neighborhoods and cities that are featured on the home page of its website, that web page includes targeted search capabilities for AVENUE Residential's listings of residential properties located in key New Jersey neighborhoods in Jersey City and Hoboken, and the New Jersey cities of Weehawken, West New York, Edgewater, Guttenberg, and North Bergen.

8. Continuously from the time of its formation in March 2014 through the present, in all of its public-facing materials, Plaintiff has used as its trademark the word "AVENUE," typically appearing in capital letters, both standing alone as well as in combination with the word "Residential" in its many public facing materials (herein referred to as the "Mark")

9. Plaintiff has rights in the Mark, which has been used in commerce to identify Plaintiff's business as the source of residential real estate brokerage services since 2014.

10. Plaintiff has earned and developed significant name recognition and a strong reputation and goodwill in the marketplace as the result of its substantial efforts and investment in marketing its services under the Mark.

11. Defendant Avenue Realty is, upon information and belief, a real estate broker operating from an office in Jersey City, New Jersey. Upon information and belief, Defendant claims to focus its business on properties located in Jersey City and Hoboken, New Jersey.

12. Upon information and belief, the Defendant was originally formed on or about September 2013 under the name "List It Realty, LLC."

13. Upon information and belief, from its inception until in or around February, 2016, Defendant continuously did business under the marks "ListIt" and/or "ListItNJ."

14. Upon information and belief, in or around February, 2016, Defendant changed its name to "Avenue Realty Group, LLC."

3

15. In a transparent effort to compete unfairly by infringing on Plaintiff's Mark and exploiting its goodwill and name recognition in the marketplace, Defendant now uses the word "AVENUE," all in capitalized letters, both standing alone as well as in combination with the words "Realty Group" to identify Defendant's business.

### THE STRENGTH AND ASSOCIATION OF THE "AVENUE" MARK WITH PLAINTIFF

16. Plaintiff has made substantial investments in promoting its business under the "AVENUE" Mark.

17. Plaintiff utilizes and includes the Mark in the mass emails it regularly sends to brokers, clients and other third parties to create market interest and to publicize its listings. Each such email includes a subject line that begins with "AVENUE," appearing in capitalized letters. More than 1,500 email addresses regularly receive such emails from Plaintiff.

18. Further establishing Plaintiff's name recognition, reputation and goodwill in the marketplace, AVENUE Residential has received extensive press coverage in both print and online media. For example, Plaintiff's record-breaking $6.6 million listing for a condominium in Hoboken was reported by multiple news sources including without limitation, *The Real Deal*, a highly influential trade publication; the statewide online news source, *NJ.Com*; and a local source, widely read in Hudson County, New Jersey, the *Hudson Reporter*. Copies of these articles are attached as Exhibit A.

19. Plaintiff also received significant media coverage, again, in *The Real Deal*, for its listing of the penthouse condominium owned by the celebrity husband-wife couple, Ice-T and Coco Austin. A copy of that article is attached as Exhibit B. Attached as Exhibit C are copies of additional articles published in the media that feature or refer to AVENUE Residential.

20. Plaintiff's website is also a significant factor in establishing and associating the Mark with Plaintiff's business. That website is accessible via the domain name "AVENUERESIDENTIAL.COM" ("Plaintiff's Website"). As is evident from the copy of the home page of Plaintiff's Website, attached hereto as Exhibit D, the Mark is prominently featured at the top of Plaintiff's Website, appearing with the common law trademark designation in the form of a superscript "TM" appearing to the right of the trademark, thereby signifying Plaintiff's assertion of trademark rights in that Mark. The Mark also appears throughout the Plaintiff's Website.

21. Plaintiff's Website has attracted a significant number of visitors. Attached hereto as Exhibit E is a copy of a report generated by Plaintiff that evidences that in a just a single month – between March 22, 2016 and April 21, 2016 – 1,173 sessions and 885 users visited Plaintiff's Website, and that of those, 69.9% were new visitors to the site, and 30.1% were returning visitors.

22. Plaintiff consistently uses the Mark on all public facing materials. Attached as Exhibit F are exemplars of Plaintiff's prominent use in commerce of the Mark, specifically, a copy of an open house sign-in sheet, a descriptive property listing, and a copy of Plaintiff's letterhead.

23. Plaintiff lists properties for sale and for rent as the listing broker on the Multiple Listing Service ("MLS") system, which listings can be viewed by any subscribers to that system. Upon information and belief, Defendant is a subscriber to the MLS system.

24. As reflected by Exhibit G, which is a current printout from the MLS system, Plaintiff is referred to therein, as "AVENUE RESIDENTIAL," and Plaintiff is the listing real estate broker for 148 separate properties. Plaintiff also represents buyers/renters in real estate transactions and, to date, has represented buyers/tenants in 95 closed transactions.

25. The pervasiveness of Plaintiff's Mark and its association in the minds of the public with AVENUE Residential as the source of real estate brokerage services is further evidenced by the market success of the Plaintiff's business. Plaintiff's clients often seek to purchase luxury residential properties located in the highly desirable neighborhoods of Hoboken and Jersey City and include individuals from throughout the United States – they are not only New Jersey residents, but also include people from nearby New York and from other states as far away as North Carolina, Arizona and California, to name just a few.

26. Since its inception in 2014, Plaintiff has been the broker for closed transactions, in which it represented either the buyer or seller, having a value of more than $83 million. Year-to-date for 2016, the value of such transactions for properties sold and/or under contract is over $21 million. In contrast, on information and belief, MLS records reflect that for Defendant, the comparable transaction value for the same time period is approximately $1.5 million.

## DEFENDANT'S WILLFUL MISCONDUCT

27. Upon information and belief, Defendant was originally established on or about September 5, 2013 under the name "List It Realty, LLC." Attached hereto as Exhibit H is a copy of the Certificate of Formation filed by Defendant on or about September 5, 2013 with the State of New Jersey, reflecting its formation as "List It Realty LLC," a domestic limited liability company.

28. Upon on information and belief, from the time of its formation until in or around February, 2016, Defendant did business exclusively under the name "List It Realty, LLC." Upon information and belief, during that same time period, Defendant did not do business under any name, or use any trademark or any other source-identifying designation that contained the term "AVENUE."

29. Upon information and belief, approximately three (3) months ago, on or about February 5, 2016, Defendant changed its name from "List It Realty, LLC" to "Avenue Realty Group, LLC" – a name that is confusingly to Plaintiff's well-established name and to the Marks.

30. Upon information and belief, Defendant chose its new name with knowledge of Plaintiff's prior use of the Marks and with knowledge of Plaintiff's success in the marketplace. Plaintiff has acted knowingly, willfully and in bad faith to improperly trade on Plaintiff's established Mark, and its associated reputation and goodwill.

31. Upon information and belief, attached hereto as Exhibit I is a copy of the Certificate of Amendment filed by Defendant on February 5, 2016 with the State of New Jersey, effectuating the name change from "List It Realty LLC" to "Avenue Realty Group, LLC," signed by Nicholas Luberto ("Luberto") who, upon information and belief, is Defendant's broker of record and principal.

32. Defendant's website contains the following description: "Avenue Realty Group LLC, is a full service real estate brokerage firm, located in Jersey City NJ, specializing in the purchase, sales and rental of residential or commercial properties in Hoboken and downtown Jersey City, which are some of the most desirable towns in NJ."

33. Plaintiff and Defendant both do business in Jersey City and Hoboken. As of the date of this Complaint, the MLS system reflects that Plaintiff has closed a total of 172 transactions in those two cities. Upon information and belief, Defendant Avenue Realty has been involved in a total of only 7 transactions, all but one of which was for properties located in Hoboken, where AVENUE Residential is headquartered.

34. Attached hereto as Exhibit J is a copy of the image displayed in the "street view" using the "Google Maps" application accessed by https://www.google.com/maps, corresponding to the

street address 102 York Street, Jersey City, New Jersey 07302 (on information and belief, Defendant's address) (the "Google Maps Image"). As noted therein, the associated "image capture" date of the photograph is June, 2015. Exhibit K is a "zoomed-in" version of the Google Maps Image that shows, as of June, 2015, that the sidewalk sign outside the referenced address featured "ListIt" in large letters as part of Defendant's logo, and that the lettering on the door reflected "List It Realty LLC" and Luberto's name as the broker.

35. Attached hereto as Exhibit L is a copy of the State of New Jersey Division of Banking and Insurance real estate licensee search results reflecting that Nicholas Luberto Jr. is the Broker of Record for Defendant Avenue Realty.

36. Upon information and belief, prior to February 2016, Defendant's website was accessible only under the domain name "LISTITNJ.COM."

37. Attached hereto as Exhibit M is a copy of the results of a search on the domain name registry look-up site known as "WhoIs" that is accessible via http://www.whois.com (the "WhoIs Site"), reflecting that on or about October 1, 2013, Nicholas Luberto of List It Realty, LLC registered the internet domain name "LISTITNJ.COM," and that the name of the administrative contact is Deomid Rapoport of CHPros, Inc.

38. Upon information and belief, in or around February, 2016 Defendant suddenly began using the word "AVENUE" to identify itself on Defendant's internet web site.

39. Attached hereto as Exhibit N is a copy of the results of a search on the WhoIs Site that reflects that on or about February 24, 2016, the domain name "ARGCITYLIFE.COM" was created, with both the registrant as well as the administrative contact listed as Deomid Rapoport of CHPros, Inc.

40. As of the date of the filing of this Complaint, when entering the domain name "LISTITNJ.COM" into an internet browser, a user is automatically redirected to the website accessible through "ARGCITYLIFE.COM."

41. A copy of the home page of the website accessed by entering in either "LISTITNJ.COM" or "ARGCITYLIFE" into an internet browser ("Defendant's Website") as of the date of the filing of this Complaint is attached hereto as Exhibit O.

## SIMILARITY OF THE MARK AND LIKLIHOOD OF CONFUSION

42. As is evident from Defendant's Website, Defendant now prominently features the word "AVENUE" in identifying itself. The logo appearing in the top left corner that contains the name of Defendant – which has now been changed to "Avenue Realty Group, LLC" – features the word "AVENUE" in a type size that is approximately four times larger than the size of the remaining words that comprise the company name.

43. Comparing the typeface used in Defendant's use of the word "AVENUE" to Plaintiff's graphic depiction of the Mark as it appears on Plaintiff's Website (Exhibit D), in emails sent via Plaintiff's email blasts (Exhibit R), and in other materials (Exhibit F), it is apparent that Defendant has copied the typeface and utilizes a stylized serif type that that is virtually identical to that used in Plaintiff's Mark.

44. Attached as Exhibit P is a photograph, taken on or about March 25, 2016, of the sign located on the sidewalk outside of Defendant's place of business. As is evident from that photo, the word "AVENUE" is the sole and prominent identifying feature of that sign, and it is confusingly similar to – indeed, it is virtually indistinguishable from – Plaintiff's distinctive "AVENUE" Mark.

45. Defendant's use of the term "AVENUE" is likely to cause confusion as to the source of the services offered or provided thereunder. To be sure, Defendant has purposefully and knowingly acted to create such confusion and to exploit Plaintiff's reputation and goodwill.

46. Actual confusion has already occurred. In or around early March, 2016, one of the real estate agents affiliated with Plaintiff noticed Defendant's sidewalk sign (Exhibit P), and thereafter questioned Plaintiff's management about the office location, mistakenly believing that Plaintiff had opened an office in Jersey City without the agent's knowledge.

47. Also evidencing confusion in the public between Plaintiff's and Defendant's respective businesses, on or about March 21, 2016 Plaintiff received a telephone call from a service provider to real estate brokerages, asking to speak with "Nick" at Avenue – presumably, Luberto, inasmuch as there is no one by that name affiliated with Plaintiff – with the purpose of discussing a potential business relationship.

### DEFENDANT'S PRIOR KNOWLEDGE OF AVENUE RESIDENTIAL AS THE OWNER OF THE MARK AND DEFENDANT'S WILLFUL AND CONTINUED INFRINGEMENT

48. Upon information and belief, Defendant had knowledge of the existence of Plaintiff and its use of the Mark well before Defendant improperly adopted "AVENUE" as a prominent identifier in its name and in its promotional materials.

49. Plaintiff regularly sends emails with listings as well as other promotional materials to other brokers ("email blasts").

50. Upon information and belief, Luberto, the Defendant's registered broker of record, has regularly received the email blasts sent by Plaintiff over the past two years.

51. Attached hereto as Exhibit Q is a copy of the relevant pages of an analytics report for the service that Plaintiff uses to send its email blasts (the "Email Blast Report").

52. Page 1 of the Email Blast Report reflects that the email address NLUBERTO@AOL.COM (the "Luberto Email Address") has been a subscriber to Plaintiff's email blasts since April 29, 2014. Upon information and belief, this is the email address for Luberto, Defendant's broker of record and principal.

53. Page 1 of the Email Blast Report also reflects that 167 emails were sent to the Luberto Email Address.

54. Each email sent by Plaintiff in its email blasts – including the 167 emails sent to the Luberto Email Address – has a subject line that begins with the word "AVENUE" prominently appearing in all capitalized letters.

55. As page 4 and 51 of the Email Blast Report further reveals, emails sent to the Luberto Email Address by Plaintiff were actually opened as early as September 23, 2014, and as recently as recently as March 28, 2016. Attached hereto as Exhibit R are the first pages of the two emails corresponding to those two dates. Again, in each case, the Mark is prominently featured.

56. On or about March 31, 2016, Plaintiff, by and through counsel, wrote to Defendant, objecting to the Defendant's use of "AVENUE" and demanding that Defendant cease and desist from further use of that word as an identifying element of Defendant's business (the "March 31st Letter").

57. By letter dated April 11, 2016, Defendant's counsel replied to the March 31st Letter, rejecting the assertions and demands stated therein.

58. Having thus been placed on notice as to Plaintiff's objection and demand that Defendant cease and desist from further infringement of Plaintiff's rights, on or about April 27, 2016, Defendant took steps, in what appears to be an effort to "hide its tracks" with respect to its

prior receipt of the email blasts and knowledge of Plaintiff's Mark, by affirmatively "unsubscribing" from the continued receipt of Plaintiff's email blasts.

59. As of the date of this Complaint, Defendant continues its brazen use of the word "AVENUE" on its website and in other promotional materials, affirmatively holding itself out to the public as "AVENUE" and thereby creating confusion in the marketplace. Defendant continues to act unlawfully in infringing on Plaintiff's established and pre-existing Mark, in trading upon Plaintiff's reputation and goodwill, and continuing to unfairly compete with Plaintiff.

### COUNT ONE
### Unfair Competition in Violation of
### Lanham Act Section 43(a) – 15 U.S.C. §1125

60. Plaintiff repeats and realleges each and every allegation of the foregoing Paragraphs as if set forth in full.

61. Plaintiff's owns the common law trademark rights to the marks "AVENUE" and "AVENUE RESIDENTIAL" in connection with the use in commerce of a real estate brokerage business.

62. Since early 2014, Plaintiff has continuously used the marks "AVENUE" and "AVENUE RESIDENTIAL" to identify itself as the source of real estate brokerage services including without limitation, in the New Jersey cities of Jersey City and Hoboken, and Plaintiff has developed good will and a strong name recognition and identification as the source of services provided under the Mark.

63. Defendant has willfully, with prior knowledge of Plaintiff's use of the Mark, changed its name from "List It Realty, LLC" to the name "Avenue Realty Group, LLC," and adopted the word "AVENUE" as either the sole identifier or the prominent identifier of its business in an

effort to trade upon the reputation and goodwill developed by Plaintiff that is associated with the Mark.

64. Defendant's use of the word "AVENUE," either standing alone, as part of its recently adopted business entity name, "Avenue Realty Group, LLC," or in any shortened form thereof, to identify Defendants' business and the source of the services it provides in commerce:

   (i)   misappropriates the Mark and the value and good will of Plaintiff's business;

   (ii)  creates a likelihood of confusion among prospective and actual consumers of real estate brokerage services, as well as to brokers and other third parties, as to the source of those services, including without limitation creating a false impression that services offered Defendant are sponsored, rendered or otherwise connected with or associated with Plaintiff;

   (iii) has damaged, impaired and diluted that part of Defendant's goodwill symbolized by its name and the mark AVENUE to Plaintiff's immediate and irreparable damage;

   (iv)  constitutes a false designation of origin and a false description within the meaning of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. §1125(a)

   (v)   constitutes a violation of Plaintiff's trademark rights and unfair competition;

   (vi)  has caused Plaintiff irreparable injury and loss of reputation. Unless enjoined by this Court, Defendant will continue the acts of unfair competition complained of herein to Plaintiff's immediate and irreparable damage.

## COUNT TWO
## Unfair Competition
## Under N.J. Stat. Ann. 56:4-1 *et seq.*

65. Plaintiff repeats and realleges each and every allegation of the foregoing Paragraphs as if set forth in full.

66. By the acts described above, Defendant has engaged in unfair competition in violation of the statutory law of New Jersey, specifically, N.J. Stat. Ann. 56:4-1 *et seq.*

67. Defendant's acts have caused and will continue to cause irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

## COUNT THREE
## Trademark Infringement
## Under N.J. Stat. Ann. 56:3-13.16

68. Plaintiff repeats and realleges each and every allegation of the foregoing Paragraphs as if set forth in full.

69. By the acts described above, Defendant has engaged in trademark infringement of trademarks protected at common law in violation of the laws of the State of New Jersey, more specifically, N.J. Stat. Ann. 56:3-13.16 *et seq.*

70. Defendant's acts have caused and will continue to cause, irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

## COUNT FOUR
## Unfair Competition Under Common Law

71. Plaintiff repeats and realleges each and every allegation of the foregoing Paragraphs as if set forth in full.

72. By the acts described above, Defendant has engaged in unfair competition in violation of the common law of the State of New Jersey.

73. Defendant's acts have caused and will continue to cause, irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

**WHEREFORE,** Plaintiff prays for the following relief in Plaintiff's favor and against Defendant as follows:

A. For judgment that Defendant has infringed Defendant's trademarks and engaged in unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

B. For judgment that Defendant has engaged in unfair competition in violation of N.J.Stat. Ann. 56:4-1 *et seq.*

C. For judgment that Defendant has engaged in infringement of a trademark protected under the common law of the State of New Jersey in violation of N.J. Stat. Ann. 56:3-13.16 *et seq.*;

D. For judgment that Defendant has engaged in unfair competition in violation of the common law of the State of New Jersey;

E. That an injunction be issued enjoining and restraining Defendant and its officers, agents, servants, employees an attorneys and all those in active concert or participation with them, from:

   (i) Using any reproduction, copy, or imitation of the Defendant's marks to identify any goods or services marketed, sold or provided by Defendants;

   (ii) Engaging in any course of conduct likely to cause confusion, deception or mistake on the part of the consuming public as to the goods or services provided by

        Defendant are in any manner associated with, endorsed by, provided by or in any other manner connected with Defendant;

(iii)    Using or registering in any manner any service mark, trademark, trade name, trade dress, words, abbreviations, designs, colors, arrangements or any combinations thereof that would imitate, resemble or suggest Plaintiff's name or its Mark;

(iv)    Further infringing upon the Plaintiff's rights in its Mark by using any confusingly similar mark in any of Defendant's marketing or promotional material, advertising, trade name, website, communication to the consuming public or otherwise in Defendant's business dealings;

(v)    Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or members thereof, to believe that any goods or services offered, sold or provided by Defendant are in any manner associated or connected with Plaintiff, or are offered, sold or provided by Plaintiff;

(vi)    Otherwise engaging in unfair competition with Plaintiff in any manner;

F.  For the entry of an order directing Defendant to deliver up for destruction all advertisements, labels, signs, printed material, packages, stationery supplies and any and all other materials in its possession or under its control, bearing the word "AVENUE," whether standing alone or used in conjunction with other words, as a designation of origin, as an advertisement or promotion of Defendant's business, or in any other matter that purports to identify Defendant's business or the services it provides.

G. For the entry of an order directing such other relief as the Court may deem equitable and just to prevent the trade and the consuming public from deriving the erroneous impression that any good or services offered, sold or provided by Defendant are in any manner associated or connected with Plaintiff, or are offered, sold or provided by Plaintiff.

H. For an award of the damages directly or indirectly caused by the conduct complained of herein suffered by Defendant, and in view of the willful and deliberate nature of Defendant's conduct, that such damages be trebled to the full extent permitted under the law;

I. For an assessment and award of all profits that Defendant has derived while using the Plaintiff's marks;

J. For an award of costs and attorney's fees;

K. For an award of punitive damages, as permitted under the laws of the State of New Jersey; and

L. For an award of such other, further, different or additional relief as this Court deems equitable and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff Avenue Residential, LLC demands trial by jury for all issues so triable.

> BROWN MOSKOWITZ & KALLEN, P.C.
>
> BY: *s/ Lora L. Fong*
> Lora L. Fong, Esq.
> Kenneth L. Moskowitz

May 10, 2016

## CERTIFICATION PURSUANT TO LOCAL CIVIL RUL 11.2

I certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

BROWN MOSKOWITZ & KALLEN, P.C.

BY: *s/ Lora L. Fong*
    Lora L. Fong, Esq.
    Kenneth L. Moskowitz

May 10, 2016